**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ANTONIO LAMAR SINCLAIR,<br>Appellant,<br><br>v.<br><br>DEPARTMENT OF THE AIR FORCE,<br>Agency. | DOCKET NUMBER<br>AT-0752-16-0376-X-1<br><br>DATE:  February 27, 2025 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Marion L. Williams, Warner Robins, Georgia, for the appellant.

Biron Ross, Esquire, Warner Robins, Georgia, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Henry J. Kerner, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

In a November 1, 2022 compliance initial decision, the administrative judge found the agency in partial noncompliance with the final decision in the underlying appeal. *Sinclair v. Department of the Air Force*, MSPB Docket No. AT-0752-16-0376-C-1, Compliance File (CF), Tab 6, Compliance Initial Decision (CID) at 5.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

For the reasons discussed below, we find the agency in compliance and DISMISS the petition for enforcement.

## DISCUSSION OF ARGUMENTS AND EVIDENCE OF COMPLIANCE

On July 22, 2022, the Board issued a Final Order affirming the initial decision in the appellant's underlying appeal, which directed the agency to cancel the appellant's removal, substitute a 5-day suspension, and pay the appellant the correct amount of back pay, including benefits. CID at 2. On September 27, 2022, the appellant filed a petition for enforcement, contending that the agency had failed to pay him any back pay. *Id.* at 1-2. The appellant also requested additional damages and alleged that the agency had incorrectly stated that he owed a debt to the government. *Id.* at 2-4.

On November 1, 2022, the administrative judge issued a compliance initial decision granting the petition for enforcement, in part. *Id.* at 5. The administrative judge denied the appellant's request for additional damages, but she ordered the agency to pay the appellant his back pay with a narrative explanation of the payment calculation and to immediately cease all collection actions for an overpayment, unless the agency was able to justify that such an overpayment existed. *Id.* at 5.[2]

On December 7, 2022, the Board issued an Acknowledgement Order notifying the parties that a new docket number had been assigned, reflecting the referral of the matter to the Board for a final compliance determination. *Sinclair v. Department of the Air Force*, MSPB Docket No. AT-0752-16-0376-X-1,

---

[2] The compliance initial decision informed the agency that, if it took the actions ordered by the decision, it must submit to the Clerk of the Board, within the time limit for filing a petition for review under 5 C.F.R. § 1201.114(e), a statement that it has taken the actions identified in the compliance initial decision, along with evidence establishing that it has taken those actions. CID at 5-6; 5 C.F.R. § 1201.183(a)(6)(i) (2022). The compliance initial decision also informed the parties that they could file a petition for review if they disagreed with the compliance initial decision. CID at 6-11; *see* 5 C.F.R. §§ 1201.114(e), 1201.183(a)(6)(ii) (2022). Neither party petitioned for review of the compliance initial decision.

Compliance Referral File (CRF), Tab 1 at 2. The order notified the agency that it was required to file evidence of compliance within 15 calendar days of the date of the order, and specifically informed the appellant that if he failed to file a response to the agency's evidence of compliance within 20 calendar days, the Board might assume that he was satisfied and dismiss the petition for enforcement. *Id.* at 3.

On December 22, 2022, the agency filed a response to the Acknowledgement Order, contending that it changed the appellant's personnel record to cancel his removal and reflect a 5-day suspension and sent a request for back pay to its finance organization, the Defense Finance and Accounting Service (DFAS). CRF, Tab 2 at 5. The agency provided Standard Form 50 Notifications of Personnel Action cancelling the appellant's removal and replacing it with a suspension and returning him to duty, effective February 3, 2016. *Id.* at 8-10. The agency requested an extension of time until February 28, 2023, to finish processing the back pay. *Id.* at 6. On December 29, 2022, the appellant filed a response contending that the agency continued to debit his pay and had not yet paid him back pay. CRF, Tab 3 at 3. The appellant requested damages and sanctions. *Id.*

On January 9, 2023, the Clerk of the Board granted the agency's request for an extension until February 28, 2023. CRF, Tab 4 at 1. On February 28, 2023, the agency requested another extension of time, until May 28, 2023, to achieve full compliance. CRF, Tab 5 at 4. The Clerk of the Board granted the agency's request on March 1, 2023. CRF, Tab 6 at 1. On May 30, 2023, the agency requested another extension of time, until June 30, 2023, to achieve full compliance. CRF, Tab 7 at 4. The Clerk of the Board granted the agency's request on May 31, 2023. CRF, Tab 8 at 1. On May 31, 2023, the appellant filed a response opposing the agency's request for extension of time. CRF, Tab 9 at 3.

On June 30, 2023, the agency filed a submission entitled "Additional Evidence of Compliance," asserting that it was still attempting to resolve back pay issues identified by DFAS and requesting a further extension of time until August 31, 2023. CRF, Tab 10 at 4-5. On the same day, the appellant filed a

response to the agency's submission, requesting sanctions and opposing any further extension of time. CRF, Tab 11 at 3. On August 9, 2023, the appellant filed an additional request for damages. CRF, Tab 13 at 3.

On November 7, 2023, the agency finally filed its "Compliance Documentation," asserting that it had made the corrections to the appellant's records, paid the appellant's back pay and interest, and resolved all back pay issues. CRF, Tab 14 at 4. The agency's submission included spreadsheets documenting the calculations of the appellant's back pay and interest. *Id.* at 6-21. On September 6, 2024, the agency filed a second submission documenting compliance, reflecting that it had credited the appellant with leave and detailing the overpayment that caused the appellant's debt. CRF, Tab 15. The appellant has not filed responses to the agency's November 7, 2023, and September 6, 2024 compliance submissions.

## ANALYSIS

When the Board finds a personnel action unwarranted or not sustainable, it orders that the appellant be placed, as nearly as possible, in the situation he would have been in had the wrongful personnel action not occurred. *House v. Department of the Army*, 98 M.S.P.R. 530, ¶ 9 (2005). The agency bears the burden to prove its compliance with a Board order. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011). An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Id.* The appellant may rebut the agency's evidence of compliance by making "specific, nonconclusory, and supported assertions of continued noncompliance." *Brown v. Office of Personnel Management*, 113 M.S.P.R. 325, ¶ 5 (2010).

Here, the agency filed evidence that it had mitigated the appellant's removal to a 5-day suspension. CRF, Tab 2 at 8-10. The agency also submitted data breaking down the appellant's back pay by pay period for the time from the appellant's removal, effective January 29, 2016, to his interim appointment,

effective December 21, 2016; a Back Pay Computation Summary Report, that provided a detailed computation of the interest due on the back pay; and a DFAS remedy ticket that detailed the appellant's back pay, including a performance award which was re-processed, deductions, and interest on the back pay, resulting in a net payment of $44,502.01. CRF, Tab 14 at 6-21. Finally, the agency submitted evidence that the appellant's leave had been restored, as well as evidence regarding the calculation of his debt, which was offset, although the agency did not explain the debt calculations. CRF, Tab 15 at 6-11.

The appellant did not respond to the agency's calculation of his back pay, interest, leave, or debt despite being apprised that the Board might construe his lack of response as satisfaction with the agency's response. Accordingly, taking into account the appellant's failure to respond, we find that the agency is now in full compliance with the February 25, 2022 decision.

With respect to the appellant's request for damages, the Board's November 1, 2022 opinion previously held that the Back Pay Act does not permit the payment of consequential damages. CID at 4. Accordingly, the appellant's request for damages is denied.

Regarding the appellant's request for sanctions, we deny the request. The Board's sanction authority is limited to the sanctions necessary to obtain compliance with a Board order. *Mercado v. Office of Personnel Management*, 115 M.S.P.R. 65 ¶ 8 (2010) (stating that the Board's ability to award sanctions is a means to enforce compliance, and once compliance has been demonstrated, it would be inappropriate to impose sanctions). Because the agency has complied with the Board's orders, we are without authority to impose sanctions in this matter.

In light of the foregoing, we find that the agency is in compliance with its outstanding compliance obligations and dismiss the appellant's petition for enforcement. This is the final decision of the Merit Systems Protection Board in

this compliance proceeding.  Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your attorney fees motion with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil

action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.